Filed 2/8/23  P. v. Thongvilay CA4/2
See dissenting opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079482 |
| v. | (Super.Ct.No. CR63659) |
| PAMOT JOEY THONGVILAY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge.

Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Pamot Joey Thongvilay, filed a petition for resentencing pursuant to former Penal Code former section 1170.95,[1] which the superior court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth a statement of the facts, a statement of the case, and two potentially arguable issues: (1) whether the trial court followed the correct procedure for determining a prima facie case and conducting a hearing; and (2) whether defendant's absence from the hearing prejudiced his case.[2]

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), the California Supreme Court recently held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, at pp. 224-226.)

## I.  PROCEDURAL BACKGROUND[3]

On March 30, 1995, defendant broke into a woman's car.  (*Thongvilay*, *supra*, 62 Cal.App.4th at p. 76.)  The woman's boyfriend called 911.  While he was on the phone, defendant returned to his own vehicle and left.  The boyfriend got into his own car and started to follow defendant.  As defendant ran through a red stoplight while attempting to elude the boyfriend, defendant's vehicle struck the victim's car, killing her.  (*Ibid.*)

On March 27, 1996, a jury found defendant guilty of first degree murder (§ 187, count 1), "prosecuted on a felony-murder theory, specifically, that the death occurred in the course of an automobile burglary in which defendant[] stole the radio from a car and [was] pursued by the boyfriend of the owner of the burglarized car."  (*Thongvilay*, *supra*, 62 Cal.App.4th at p. 76.)  On June 7, 1996, the court sentenced defendant to state prison for 25 years to life.  (*Id.* at p. 77.)

On appeal, defendant acknowledged the rule that "[f]elony-murder liability continues throughout the flight of a perpetrator from the scene of a [felony] until the perpetrator reaches a place of temporary safety because the [felony] and the accidental death, in such a case, are parts of a 'continuous transaction.'"  (*Thongvilay*, *supra*, 62 Cal.App.4th at p. 77.)  However, defendant contended the rule should not be extended

---

[3]  On the court's own motion, we take judicial notice of our prior published opinion.  (*People v. Thongvilay* (1998) 62 Cal.App.4th 71 (*Thongvilay*); Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.1115(b)(1).)  The parties below, and defense counsel on appeal, have relied on *Thongvilay*.  Thus, we shall likewise rely, in part, on the opinion for our factual and procedural recitation.

to his case because the burglary was not a crime involving danger to life. By published opinion filed March 12, 1998, a majority panel of this court affirmed the judgment. (*Id.* at p. 89.)

On January 26, 2022, defendant filed a former section 1170.95 petition for resentencing. At the hearing on July 22, 2022, at which appointed counsel represented defendant, the People asked the court to deny the petition.

The People cited facts from this court's opinion that while fleeing from a car burglary, defendant struck another motorist, killing her. The People contended defendant was the actual killer and defendant admitted he was the driver of the fleeing vehicle. Thus, according to the People, even though the jury found defendant guilty pursuant to the felony-murder rule, he was ineligible for relief because he was the actual killer.

Defense counsel responded that everything the People has said was "completely accurate. So at this time, all I could do is object for the record."

The court ruled: "Based on counsel' recitation of the circumstances surrounding this offense of defendant's acknowledgment that he was the driver of the car, which directly resulted in the victim's death, the Court finds the defendant is not eligible for the relief, and the petition is denied."

## II. DISCUSSION

Because our order of October 11, 2022, implied that we would independently review the record for potential errors even if defendant chose not to file a supplemental brief, we exercise our discretion to do so even though not required. (*Delgadillo*, *supra*, 14 Cal.5th at p. 230 ["[I]f the appellate court wishes, it may also exercise its discretion to

conduct its own independent review of the record in the interest of justice."]; *id* at p. 232 ["[I]t is wholly within the court's discretion [to] conduct[] its own independent review of the record in any individual section 1172.6 appeal."] *id*. at p. 233, fn. 6 ["[T]he decision to conduct independent review is solely up to the discretion of the Courts of Appeal . . . .].)  We find no arguable issues.

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
J.

I concur:


RAMIREZ
P. J.

5

[*People v. Pamot Thongvilay*, E079482]

MENETREZ, J., Dissenting.

Because this is an appeal from a postjudgment order, *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 do not require us to read the entire record ourselves to look for arguable grounds for reversal.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 228 (*Delgadillo*).)  Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we may dismiss the appeal as abandoned.  (*Id.* at p. 232.)

Although we have discretion to conduct *Wende* review even when it is not required (*Delgadillo*, *supra*, 14 Cal.5th at p. 232), judicial discretion "'is not a whimsical, uncontrolled power.'"  (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)  "Independent review in *Wende* appeals consumes substantial judicial resources," and "[t]he state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'"  (*Delgadillo*, at p. 229.)  For these reasons, routinely conducting *Wende* review when a no-issue brief is filed in an appeal from a postjudgment order, in the absence of any case-specific reason to conduct such a review, would appear to be an abuse of discretion.

For even stronger reasons, if we can determine without reading the entire record that the defendant is categorically ineligible for relief, then conducting *Wende* review would appear to be an abuse of discretion.  In such a case, reading every page of the

1

record to look for arguable grounds for reversal is futile, because we already know that the trial court's ruling was correct. That is the case here: Defendant was convicted as the actual killer, so it is impossible for him to obtain relief under Penal Code section 1172.6.

*Delgadillo* observed that when appointed counsel files a no-issue brief and the court notifies the defendant of the right to file a personal supplemental brief, the notice is "suboptimal" if it cites *Wende* or does not state that the appeal may be dismissed as abandoned if no supplemental brief is filed. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.) But in a case like this one, any such deficiencies in the notice are harmless under any standard. An optimal notice would not change the fact that defendant is ineligible for relief.

I respectfully dissent because there is no case-specific reason to conduct *Wende* review and there is a straightforward reason not to—we know without reading the entire record that defendant's petition was correctly denied, so reading every page of the record to look for arguable grounds for reversal is pointless. The appeal should be dismissed as abandoned.

MENETREZ       

J.
